# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

LYNN BRUCE PERSON,               )
                                  )
        Petitioner,               )     C. C. A. NO. 02C01-9712-CC-00470
                                  )
vs.                               )     MADISON COUNTY
                                  )
STATE OF TENNESSEE,               )     No. C-97-96
                                  )
        Respondent.               )

**FILED**

**July 23, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The record and the petitioner's brief have been filed in this case. The petitioner has also filed a response to the state's motion.

The petitioner is challenging the indictment and reasonable doubt jury instruction pertaining to his 1979 conviction and life sentence for felony murder. The record indicates that the petitioner previously filed two petitions for post-conviction relief. The first, which was filed in 1980, was dismissed after an evidentiary hearing. No appeal was taken. The second was summarily dismissed and that dismissal was affirmed by this Court on appeal. Lynn Bruce Person v. State, No. 02C01-9104-CC-00063 (Tenn. Crim. App., Nov. 27, 1991). The instant petition is the petitioner's third.

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed at least one petition that was resolved on the merits by the trial court, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claims do not fall

within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217 (the petitioner fails to cite a recent "ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial").

Accordingly, we conclude that the trial court did not err in summarily dismissing the petitioner's third petition for post-conviction relief. It is, therefore, ORDERED that the state's motion is granted and the judgment of the trial court is hereby affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appearing the petitioner is indigent, costs of this appeal shall be taxed to the state.

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE